Chris N. MILLER, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. C–81–209, CX–82–818.

Supreme Court of Minnesota.

Jan. 21, 1983.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Allan Caplan, Asst. County Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Michael McGlennen, Thomas A. Weist, and Anne E. Peek, Asst. County Attys., Minneapolis, for respondent.

KELLEY, Justice.

In *State v. Miller,* 316 N.W.2d 23 (Minn. 1982), we were asked by defendant to decide several important issues concerning the scope and application of *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which held that, absent exigent circumstances or consent, police without an arrest warrant may not cross the threshold and enter a suspect's residence to arrest him. We avoided the issues because it appeared that defendant's confession, which defendant argued was the fruit of a *Payton* violation, was in fact not the fruit of the illegality, if there was any, in the manner of arresting defendant but was the fruit of an earlier clearly-valid, warranted search. We therefore remanded the case for a post-conviction hearing to determine this issue. That hearing was held and the district court issued findings favorable to the state. We affirm those findings and affirm the district court's conclusion that the confession was not obtained by exploitation of any illegality in the manner in which defendant was arrested. *See, e.g., Taylor v. Alabama,* —— U.S. ——, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982); *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1980); *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

Affirmed.